OPINION
{¶ 1} Plaintiff-appellant, state of Ohio, appeals[1] a decision of the Preble County Court of Common Pleas sustaining the motion to suppress filed on behalf of defendant-appellee, Gregory Reyes. We affirm in part and reverse in part.
 {¶ 2} Appellee was indicted for possession of cocaine in violation of R.C. 2925.11(A) and (C)(4)(f) with major drug offender and vehicle forfeiture specifications attached to the charge.
 {¶ 3} Appellee filed a motion to suppress and, following a hearing thereon and the filing of memoranda, the trial court sustained the motion to suppress the seized drugs and appellee's statements to police.
 {¶ 4} Appellant has timely appealed, assigning one error as follows:
 {¶ 5} "The trial court erred to the prejudice of Plaintiff-Appellant by granting the motion to suppress."
 {¶ 6} Appellant argues that the court erred in ruling that because appellee was not advised of his Miranda rights following his arrest for driving with a suspended license, that his subsequent consent to search his motor vehicle was not freely and voluntarily given under the totality of the circumstances.
 {¶ 7} On Sunday, February 1, 2004, appellee was driving a Buick motor vehicle eastbound on I-70 in Preble County. He was observed by an Ohio State Highway Patrol Trooper to commit two traffic violations and the officer effectuated a traffic stop.
 {¶ 8} The officer obtained appellee's driver's license and spoke briefly with appellee about the length of his trip in the vehicle because appellee appeared tired to the officer. During the initial conversation with appellee, the officer was told by appellee that he was traveling to Columbus, Ohio to visit family. The officer contacted his dispatcher for a driver's license check and learned that appellee's California license was suspended, through that state.
 {¶ 9} While the officer was doing the driver's license check, a fellow officer who was nearby was summoned to do a canine check of the exterior of appellee's motor vehicle. He did so and the drug dog did not alert to the vehicle.
 {¶ 10} When the arresting officer received the information as to appellee's suspended license, appellee was removed from his vehicle and placed in the arresting officer's cruiser. He was informed of the suspended status of his driver's license. He was not Mirandized,
however.
 {¶ 11} While in the cruiser, the arresting officer asked appellee some questions concerning the people he was going to visit. Appellee told the officer the people he was going to visit did not know he was coming there and he was unable to furnish a telephone number for those people. The arresting officer again requested the canine be walked around appellee's vehicle and again the drug dog did not alert.
 {¶ 12} The arresting officer then asked appellee "if there was any reason a drug canine might alert to this vehicle" referring to appellee's vehicle. Appellee said "no."
 {¶ 13} The arresting officer then asked appellee for permission to search his vehicle and informed him that he was not free to leave because of the driver's license violation. The officer described the areas of the vehicle he wanted to search and appellee gave consent to search his vehicle, according to the evidence offered by the state. As the search continued, the officer twice again asked for consent to search specific areas, eventually finding several containers of cocaine concealed in the vehicle. Following the seizure of the containers of cocaine, appellee was then advised of his Miranda rights.
 {¶ 14} Appellee filed a motion to suppress the evidence based primarily on the fact that the officer questioned appellee, after taking him into custody for the driver's license violation, without advising him of his Miranda rights.
 {¶ 15} In sustaining the motion to suppress, the trial court ruled that appellee's continued answering of the questions put to him by the arresting officer "eventually led to the request for and granting of consent to search." The court further concluded that "[it] cannot say the Defendant's consent was freely and voluntarily given under the totality of the circumstances."
 {¶ 16} Our review of a ruling on a motion to suppress presents mixed questions of law and fact. State v. Long (1998), 127 Ohio App.3d 328,332. When considering a motion to suppress, the trial court assumes the role of the trier of fact and therefore is in the best position to resolve factual questions and evaluate the credibility of witnesses. An appellate court must defer to the trial court's factual findings if they are supported by competent, credible evidence. State v. Retherford
(1994), 93 Ohio App.3d 586, 593. Accepting the trial court's factual findings, the appellate court determines "without deference to the trial court, whether the court has applied the appropriate legal standard."State v. Anderson (1995), 100 Ohio App.3d 688, 691.
 {¶ 17} "The Fourth Amendment test for a valid consent to search is that the consent be voluntary and `voluntariness is a question of fact to be determined from all the circumstances.'" State v. Robinette (1996),519 U.S. 33, 40, 117 S.Ct. 417, 421, quoting Schneckloth v. Bustamonte
(1973), 412 U.S. 218, 231, 93 S.Ct. 2044, 2050. The state must prove by clear and convincing evidence that the consent was freely and voluntarily given. State v. Jackson (1996), 110 Ohio App.3d 137, 142.
 {¶ 18} We start with the initial traffic stop. The officer testified he observed two traffic law violations and thus had probable cause to make the stop. Dayton v. Erickson, 76 Ohio St.3d 3, 1996-Ohio-431, syllabus. The dispatch report showing appellee's driver's license was suspended gave the officer probable cause to arrest appellee. State v.Homan, 89 Ohio St.3d 421, 427, 2000-Ohio-212. The seizure of appellee by placing him in the back of the cruiser and informing him that his driver's license is suspended amounted to appellee's arrest. U.S. v. Mendenhall
(1980), 446 U.S. 544, 554, 100 S.Ct. 1870, 1877. Appellee was thereby detained for purposes of charging him with a crime, not for the sole purpose of investigation. State v. Darral (1980), 64 Ohio St.2d 22, 26.
 {¶ 19} At the point in time where the officer arrested appellee, if the officer intended to ask him any questions designed to elicit incriminating answers, he was obliged to give Miranda warnings to appellee. We defer to the trial court's fact-finding that the questioning led to the search, as it is supported by the record. Retherford,93 Ohio App.3d at 592. The trial court made an additional finding of fact which is "[t]he defendant was not coerced nor was he under any duress at the hands of the officer."
 {¶ 20} We are next required to independently determine, without deference to the trial court, whether the trial court applied the appropriate legal standard to the facts. State v. Anderson (1995),100 Ohio App.3d 688, 691. That leads us to the legal question of whether the facts require suppressing the contraband evidence obtained as a result of the consent to search.
 {¶ 21} Appellant has cited State v. Biggs (Mar. 9, 1981), Miami App. No. 80 CA 40, which involved the search of an automobile based on consent, and State v. Perry (June 7, 1985), Jackson App. Nos. 479 and 480, which involved a search of a house and a garden area under a written consent.
 {¶ 22} In neither case were Miranda warnings given after the arrests. And, in both cases the appellate courts held that the consents sought non-testimonial evidence. While the test in consent cases relates to surrounding circumstances of which awareness of the right to refuse consent is a factor, both held that the absence of Miranda warnings was not dispositive of the voluntariness of the consent issue.
 {¶ 23} The trial court found no coercion and no duress was directed toward appellee in seeking the consent. The trial court also stated "it cannot say the defendant's consent was freely and voluntarily given under the totality of the circumstances."
 {¶ 24} From its decision, it appears that the trial court was relying on the failure to give Miranda warnings and the resultant illegal questioning and inculpatory answers that followed when it concluded the state failed to prove the consent was freely and voluntarily given by clear and convincing evidence. State v. Jackson, 110 Ohio App.3d at 142.
 {¶ 25} If there was no duress or coercion and the trial court ruled there was a failure of proof the consent was voluntary, all that is left to support the trial court's decision would be that either appellee merely submitted to a claim of lawful authority, see State v. Lamberson
(Mar. 19, 2001), Madison App. No. CA2000-04-012, or that the officer took advantage of the arrest situation. See U.S. v. Jones (C.A.5, 1973),475 F.2d 723, 731.
 {¶ 26} With respect to the question of lawful authority to conduct a search, there was no search warrant and thus Bumper v. North Carolina
(1968), 391 U.S. 543, 88 S.Ct. 1788, cannot be relied upon to support a claim of submitting to a lawful authority. The trial court did not find, nor does the record support a finding that the officer took advantage of the arrest situation. The officer on three occasions sought and was given consent to search, each time making it known to appellee that he was not required to give consent and that if he changed his mind, he could withdraw the consent.
 {¶ 27} We determine the trial court applied the wrong legal standard. The trial court permitted the officer's failure to give a Fifth AmendmentMiranda warning following arrest, to vitiate a consent which it found to be uncoerced and obtained without duress, when the consent involved Fourth Amendment non-testimonial evidence. We sustain the assignment of error in part and reverse the trial court's decision on the motion to suppress as applied to the drugs and related physical objects seized. The trial court's decision is affirmed as it relates to the statements made by appellee following his arrest. We remand the matter to the trial court for further proceedings in accord with this decision.
Judgment affirmed in part, reversed in part and remanded.
POWELL, P.J., and VALEN, J., concur.
[1] The state has filed its certification in compliance with Crim.R. 12(K).